## DAVIS v. WEST et al.
### No. 3985.

District Court, W. D. Missouri, W. D.
Feb. 14, 1947.

378

Sidney H. Goldsmith, of Kansas City, Mo., for plaintiff.

J. K. Owens, of Kansas City, Mo., for defendants.

REEVES, District Judge.

The defendant, Tony George, has filed a motion for a new trial and has done so upon the theory that he should not be held liable for contracts entered into by the partnership before he became a partner. As indicated, when the case was tried no judgment should have been entered against him so as to affect his property beyond the partnership assets. An examination of the authorities, in the light of the motion, discloses that an incoming partner does not become liable for the debts of the partnership contracted before he entered it except by special agreement.

As said by counsel in his motion for new trial, the transaction between plaintiff and the partnership had been concluded at the time the movant, Tony George, became a member of the partnership. The fact that the benefits of the transaction went into the partnership accounts would not be sufficient under the authorities to hold him individually liable. 20 R.C.L., § 219. A motion for new trial, as to Tony George, should, therefore be sustained.

Upon the facts in the case it is unnecessary to retry the case for the reason that all of the evidence has been presented and the status of said defendant is known. The judgment should be modified so as to eliminate said defendant from the judgment against the other parties and a sup-plemental judgment should be entered finding the issues for him. It will be so ordered.

Counsel for the defendant will prepare a proper order as to defendant Tony George in conformity with this memorandum. Plaintiff's counsel should be advised and supplied with a copy of the proposed entry. In like manner judgment entry filed on February 7th will be modified so as to eliminate the defendant George.